UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYATA BLAKE, | No.  2:23-cv-0208 AC P |
| Plaintiff, | |
| v. | ORDER |
| KATHLEEN ALLISON, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Also before the court are plaintiff's motions to appoint counsel, to certify the case as a class action, to remove co-plaintiff Charles Stevenson, and for screening.  ECF Nos. 2, 4, 13, 14.

I.      Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF Nos. 3, 7.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

1

1  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

2  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

3  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

4  § 1915(b)(2).

5      II.      Statutory Screening of Prisoner Complaints

6        The court is required to screen complaints brought by prisoners seeking relief against "a

7  governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

8  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

9  "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

10  monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

11        A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

13  Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

14  theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

15  640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

16  stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

17  constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

18  Franklin, 745 F.2d at 1227-28 (citations omitted).

19        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

20  claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

21  what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

22  U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

23  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

24  of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

25  680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

26  to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

27  cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

28  speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.    Complaint

The complaint alleges that defendants Allison, Kernan, Covello, Lizarraga, Bettencourt, Ahmed, and Larrabee have subjected plaintiff to unconstitutional conditions of confinement and denied him equal protection in violation of the Eighth and Fourteenth Amendments.  ECF No. 1.

Plaintiff alleges that he has been forced to drink and bathe in contaminated water that has caused him to suffer from dizzy spells, pain in his joints, and extreme fatigue. Id. at 5, 13.  The water coming from the sink "has an odd smell, light sewage smell, or chemical which is 50% stronger in the showers." Id. at 12-13.  At one point, Lizarraga authorized the use of unknown chemicals to attempt to stop or prevent water contamination, but plaintiff believes that the chemicals damaged the boilers, which were not thereafter replaced and that the chemicals did not work. Id. at 15.

The contaminated water is allegedly caused by the failure of Mule Creek State Prison's (MCSP) sewer and storm drain system and the prison's failure to build a third water treatment plant—as required by a 1985 agreement—once the prison reached a population of 1,700 inmates. Id. at 7-10.  These failures have resulted in industrial waste and sewage spilling out and entering Mule Creek and surrounding properties and waterways, leading to lawsuits, fines, and meetings

3

1    attended by the defendants.  Id. at 7-15.  In addition, the Central Valley Regional Water Control

2    Board has found "a range of constituents," including volatile organic compounds, bacteria, and

3    metals when testing water discharged from MCSP.  Id. at 7, 14-15.  Plaintiff alleges that workers

4    hired by MCSP in 2012 and 2017 became ill when exposed to contaminated water and soil when

5    building a culvert around MCSP's perimeter.  Id. at 9, 12.  The culvert system was built and a

6    specific water testing company was utilized in efforts to fix or hide water contamination.  Id. at

7    13.  Plaintiff also states that the sewage piping systems beneath MCSP have corroded and the

8    broken or corroded sewer pipes are "leaking raw sewage and industrial waste directly into the

9    drinking and bathing water supply."  Id. at 9, 11.

10          IV.      Failure to State a Claim

11                   A.      Personal Involvement

12          "Liability under § 1983 must be based on the personal involvement of the defendant,"

13   Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (citing May v. Enomoto, 633 F.2d

14   164, 167 (9th Cir. 1980)), and "[v]ague and conclusory allegations of official participation in civil

15   rights violations are not sufficient," Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)

16   (citations omitted).  Furthermore, "[t]here is no respondeat superior liability under section 1983."

17   Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  "A defendant may be held

18   liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the

19   constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful

20   conduct and the constitutional violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)

21   (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)).

22          Aside from generalized assertions that defendants were aware of the problem and did

23   nothing to fix it, there are no factual allegations at all regarding specific conduct of any

24   defendants other than Lizarraga.  It appears that defendants, each of whom are alleged to hold

25   supervisory positions and have assumed knowledge based upon those positions, have been named

26   as defendants based solely on their position.  See ECF No. 1 at 5 (plaintiff believes defendants

27   had knowledge "based on their titles and rolls").  This is insufficient to state a claim for relief.  To

28   the extent plaintiff alleges that defendants were aware that the prison was contaminating the

4

1   waterways surrounding the prison and failed to take corrective measures, these allegations do not

2   establish knowledge of the drinking and bathing water within the prison being contaminated or a

3   failure to correct such conditions.

4           B.      Conditions of Confinement

5           "[A] prison official violates the Eighth Amendment only when two requirements are met.

6   First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or

7   omission must result in the denial of the minimal civilized measure of life's necessities." Farmer

8   v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).  Second,

9   the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate

10  indifference to inmate health or safety." Id. (internal quotation marks and citations omitted).  The

11  official is not liable under the Eighth Amendment unless he "knows of and disregards an

12  excessive risk to inmate health or safety." Id. at 837.  Then he must fail to take reasonable

13  measures to lessen the substantial risk of serious harm.  Id. at 847.  Negligent failure to protect an

14  inmate from harm is not actionable under § 1983.  Id. at 835.

15          The bulk of plaintiff's allegations revolve around alleged findings that resulted in a

16  settlement related to the contamination of properties and waterways surrounding the prison due to

17  the prison's improper disposal of sewage and storm water run-off.  Plaintiff's claims appear to be

18  based largely on his speculation that these findings mean the water supply at MCSP must also be

19  contaminated.  However, contamination of the surrounding waterways and properties does not

20  support an inference that the water provided to plaintiff for drinking and bathing is contaminated.

21  Beyond plaintiff's speculation regarding the condition of MCSP's pipes and water systems, the

22  only fact demonstrating the unsafety of the water made available for drinking and bathing is that

23  it smells unpleasant.  However, even if the water smells unpleasant, that does not necessarily

24  mean it is unsafe for drinking or bathing.

25          Assuming the water is in fact unsafe for drinking and bathing, the complaint lacks facts

26  showing a deliberately indifferent state of mind as to any defendant.  As previously noted, there

27  are no specific allegations regarding the defendants other than Lizarraga.  With respect to

28  Lizarraga, rather than demonstrating that Lizarraga failed to take reasonable abatement measures,

1   plaintiff alleges that Lizarraga took measures to purify the water.  He provides no basis for his

2   claim that the treatment instead damaged the boilers and makes only a conclusory assertion that

3   the purification attempt was unsuccessful.

4          For all these reasons, the complaint fails to state an Eighth Amendment claim.

5          C.      Equal Protection

6          The Fourteenth Amendment's Equal Protection Clause requires the State to treat all

7   similarly situated people equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439

8   (1985) (citation omitted).  "To state a claim for violation of the Equal Protection Clause, a

9   plaintiff must show that the defendant acted with an intent or purpose to discriminate against him

10  based upon his membership in a protected class."  Serrano v. Francis, 345 F.3d 1071, 1082 (9th

11  Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  Prisoners are not a

12  protected class.  Webber v. Crabtree, 158 F.3d 460, 461 (9th Cir. 1998) (inmates denied tobacco

13  use based on housing location not a protected class).  Alternatively, a plaintiff may state an equal

14  protection claim if he shows similarly situated individuals were intentionally treated differently

15  without a rational relationship to a legitimate government purpose.  Vill. of Willowbrook v.

16  Olech, 528 U.S. 562, 564 (2000) (citations omitted).

17         Inmates are not a protected class for equal protection purposes, nor are they similarly

18  situated to prison staff and employees.  Accordingly, plaintiff's allegations that defendants

19  violated his rights protected under the Equal Protection Clause also fail to state claims for relief.

20  V.     Leave to Amend

21         The complaint does not state any cognizable claims for relief and plaintiff will be given an

22  opportunity to file an amended complaint.  If plaintiff chooses to file a first amended complaint,

23  he must demonstrate how the conditions about which he complains resulted in a deprivation of his

24  constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must

25  allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs.

26  Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

27  unless there is some affirmative link or connection between a defendant's actions and the claimed

28  deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

6

conclusory allegations of official participation in civil rights violations are not sufficient." <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI.     Motion for Appointment of Counsel

Plaintiff has requested the appointment of counsel. ECF No. 2. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" <u>Palmer v. Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (quoting <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. <u>Id.</u> Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff requests appointment of counsel on the grounds that he is indigent and has limited understanding of the law. ECF No. 2 at 1. He also asserts that the issues are complex, he

has limited access to the law library, and he has been unable to find counsel to take on the case. Id.; ECF No. 2-1 at 2-3.  These circumstances are common to most prisoners and do not establish the existence of extraordinary circumstances warranting the appointment of counsel. Furthermore, because the complaint does not state a claim for relief, the court cannot find, at this stage, that plaintiff has a likelihood of success on the merits.  For these reasons, the motion will be denied.

VII.    Motion to Certify Class Action

Although plaintiff attempts to prosecute this lawsuit as a class action, he may not do so. One of the prerequisites for a class action is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  A class action may not be certified where the representative parties are without counsel and especially where the plaintiff is incarcerated.  See McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer has no authority to appear as an attorney for other persons in a purported class action); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted) (a non-attorney may represent himself but he has no authority to appear as an attorney for others); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit a prisoner proceeding pro se to represent fellow prisoner in a class action).

For these reasons, the court must construe this action as an individual civil rights suit brought by plaintiff alone and the request to certify this action as a class action will be denied.  If plaintiff files an amended complaint, he must do so only on his own behalf.

VIII.   Motion to Remove Co-Plaintiff

Plaintiff moves to remove Charles Stevenson as a co-plaintiff in this case on the ground that he has not performed his duty to diligently pursue this action.  ECF No. 13.  Although the complaint purports to be brought by both plaintiff and Stevenson and includes a witness statement from Stevenson (ECF No. 1-1), it is signed by plaintiff alone.  ECF No. 1 at 21.  Similarly, only plaintiff has submitted an application to proceed in forma pauperis.  As addressed above, plaintiff has no authority to represent another individual or sign on his behalf and Stevenson is not properly before this court as a plaintiff.  The motion to remove Stevenson as a co-plaintiff will

8

1    therefore be granted to the extent the Clerk of the Court will be directed to update the docket to

2    reflect that Stevenson is not a plaintiff but will otherwise be denied as moot.

3        IX.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

4        Your request to proceed in forma pauperis is granted.  That means you do not have to pay

5    the entire filing fee now.  You will pay it over time, out of your trust account.

6        Your complaint will not be served because the facts you alleged are not enough to state a

7    claim.  You have not alleged specific facts showing that each defendant was aware of a serious

8    risk to your health and disregarded that risk.

9        You may amend your complaint to try to fix these problems.  Be sure to provide facts that

10   show exactly what each defendant did to violate your rights or to cause a violation of your rights.

11       If you choose to file a first amended complaint, it must include all claims you want to

12   bring.  Once an amended complaint is filed, the court will not look at any information in the

13   original complaint.  **Any claims and information not in the first amended complaint will not**

14   **be considered.**

15       In accordance with the above, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is GRANTED.

17       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

18   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

19   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

20   appropriate agency filed concurrently herewith.

21       3.  Plaintiff's motion for appointment of counsel (ECF No. 2) is DENIED.

22       4.  Plaintiff's motion to certify this case as a class action (ECF No. 4) is DENIED.

23       5.  Plaintiff's motion to remove Charles Stevenson as a co-plaintiff (ECF No. 13) is

24   GRANTED to the extent the Clerk of the Court is directed to update the docket to reflect that

25   Charles Stevenson is not a plaintiff and is otherwise DENIED as moot because Stevenson is not

26   properly before this court as a plaintiff.

27       6.  Plaintiff's motion for screening (ECF No. 14) is GRANTED.

28   ////

7. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

8. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

9. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: September 29, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE