1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENYATA BLAKE,                              No.  2:23-cv-0208 AC P

12                    Plaintiff,

13          v.                                     ORDER

14    KATHLEEN ALLISON, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  The original complaint was screened and found to not state a claim for relief.

19    ECF No. 15.  Plaintiff was given an opportunity to amend the complaint and has now filed a first

20    amended complaint.  ECF No. 20.

21          I.      Statutory Screening of Prisoner Complaints

22          The court is required to screen complaints brought by prisoners seeking relief against "a

23    governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

24    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

25    "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

26    monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

27          A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

28    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

2    theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639,

3    640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as

4    stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

5    constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

6    Franklin, 745 F.2d at 1227-28 (citations omitted).

7        "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

8    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

9    what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550

10   U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

11   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

12   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman,

13   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

14   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

15   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

16   speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain

17   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

18   cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

19   R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

20       "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

21   relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

22   Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

25   standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

26   Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

27   pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

28   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

1    II.    First Amended Complaint

2         The first amended complaint alleges that defendants California Department of Corrections

3    and Rehabilitation (CDCR) and Mule Creek State Prison (MCSP) violated plaintiff's rights under

4    the Eighth Amendment by failing to provide clean drinking water to plaintiff and other inmates at

5    MCSP and instead forcing them to use contaminated water for drinking and bathing.  ECF No. 20

6    at 4-5.  The complaint further names MCSP Warden Covello and CDCR Secretary Macomber as

7    defendants in their official capacities for the purpose of providing injunctive relief in the form of

8    supplying bottled water to the inmate population until the water contamination is resolved.  Id. at

9    2, 6.

10   III.    Failure to State a Claim

11         A.    Sovereign Immunity

12         Plaintiff's claims against the CDCR and MCSP are barred by sovereign immunity because

13   they are arms of the state.  See Howlett v. Rose, 496 U.S. 356, 365 (1990) (the state and arms of

14   the state "are not subject to suit under § 1983" (citing Will v. Mich. Dep't of State Police, 491

15   U.S. 58 (1989))).

16         B.    Personal Involvement and Official Capacity Claims

17         Plaintiff asserts that Covello and Macomber are named in their official capacities for the

18   purposes of obtaining injunctive relief.  ECF No. 20 at 2, 6.  The Ninth Circuit has held that

19            a corrections department secretary and prison warden were proper
20            defendants in a § 1983 case because "[a] plaintiff seeking injunctive
             relief against the State is not required to allege a named official's
             personal involvement in the acts or omissions constituting the alleged
21            constitutional violation.  Rather, a plaintiff need only identify the law
22            or policy challenged as a constitutional violation and name the
             official within the entity who can appropriately respond to injunctive
23            relief."

24   Colwell v. Bannister, 763 F.3d 1060, 1070 (9th Cir. 2014) (alteration in original) (quoting

25   Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114, 1127 (9th Cir. 2013)).  However,

26   plaintiff has not stated any claims for relief because defendants CDCR and MCSP, the only

27   defendants against which he makes allegations, are immune and the allegations are insufficient to

28   demonstrate a violation of plaintiff's constitutional rights.  The claims against Covello and

3

1    Macomber for injunctive relief therefore fail.

2         To the extent plaintiff may also be seeking to bring individual capacity claims against

3    Covello and Macomber based on the water at MCSP being contaminated, "[l]iability under

4    § 1983 must be based on the personal involvement of the defendant," <u>Barren v. Harrington</u>, 152

5    F.3d 1193, 1194 (9th Cir. 1998) (citing <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980)), and

6    "[v]ague and conclusory allegations of official participation in civil rights violations are not

7    sufficient," <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

8    Because plaintiff he fails to allege any facts regarding Covello and Macomber's participation in

9    the alleged violations, he fails to state any claims against them in their individual capacities.

10   Furthermore, the assertion that the water at MCSP is contaminated is too vague and conclusory to

11   demonstrate a violation of plaintiff's Eighth Amendment rights.

12       IV.    Leave to Amend

13        The complaint does not state any cognizable claims for relief and plaintiff will be given

14   one final opportunity to amend the complaint.  If plaintiff chooses to file an amended complaint,

15   he must demonstrate how the conditions about which he complains resulted in a deprivation of his

16   constitutional rights.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 370-71 (1976).  The complaint must also

17   allege in specific terms how each named defendant is involved.  <u>Arnold v. Int'l Bus. Machs.</u>

18   <u>Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983

19   unless there is some affirmative link or connection between a defendant's actions and the claimed

20   deprivation.  <u>Id.</u>; <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and

21   conclusory allegations of official participation in civil rights violations are not sufficient."  <u>Ivey v.</u>

22   <u>Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

23        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

24   his amended complaint complete.  Local Rule 220 requires that an amended complaint be

25   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

26   amended complaint supersedes any prior complaints.  <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

27   1967) (citations omitted), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 928 (9th

28   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

4

in subsequent amended complaint to preserve appeal).  Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.    Plain Language Summary of this Order for a Pro Se Litigant

Your complaint will not be served because the facts you alleged are not enough to state a claim.  You cannot sue the CDCR and MCSP because they are immune.  There are not enough facts regarding the contaminated water to show that your Eighth Amendment rights are being violated.  You have not stated any claims against Covello or Macomber because there are no allegations regarding their conduct, and since you have not stated any claims for relief you cannot obtain injunctive relief from them.

You will have one final chance to amend your complaint to try to fix these problems.  Be sure to provide facts that show exactly what each defendant did to violate your rights or to cause a violation of your rights.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's first amended complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

2.  Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

////

1    3.   The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

2  form used in this district.

3  DATED: October 31, 2023

4

ALLISON CLAIRE
5  UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28